243 F.3d 678 (2nd Cir. 2001)
 PATRICIA IRAGORRI, Plaintiff,
HAIDEE IRAGORRI, Individually and as Ancillary Administratix of Estate of Mauricio Iragorri on Behalf of Decedent's Survivors and MAURICE IRAGORRI, Plaintiffs-Appellants,
v.
INTERNATIONAL ELEVATOR, INC., Defendant,
UNITED TECHNOLOGIES CORP. and OTIS ELEVATOR CO., Defendants-Appellees.
 Docket No. 99-7481
August Term 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued December 1, 2000
Decided: March 22, 2001
 
 Appeal from a judgment in the United States District Court for the District of Connecticut (Arterton, J.). Because of recent case law in this circuit, we vacate and remand for further consideration.
 VACATED and REMANDED.
 ANTHONY J. NATALE, Esq., Pepe & Hazard, LLP, Hartford, CT for Plaintiffs- Appellants.
 EDWARD W. MAYER, JR., Esq., Delaney, Zemetis, Donahue, Durham & Noonan, P.C., Wallingford, CT for Defendants- Appellees.
 Before: WALKER, Chief Judge, Pooler, Circuit Judge, and HALL,* District Judge.
 Per Curiam.
 
 
 1
 Plaintiffs-appellants are the wife, Haidee Iragorri, and the children of decedent. They appeal from a March 31, 1999 decision of the United States District Court for the District of Connecticut (Janet B. Arterton, J.) granting dismissal of the action on the grounds of forum non conveniens. We vacate and remand for reconsideration in light of recent decisions of this court.
 
 
 2
 On October 3, 1992, the decedent, Mauricio Iragorri, fell to his death down an open elevator shaft at his mother's apartment building in Cali, Colombia. Decedent, his wife and their children were citizens of Colombia before they became naturalized U.S. citizens in 1989. The Iragorris have lived in Florida since 1981. Some of decedent's close family members still live in Colombia. See Iragorri v. United Tech. Corp., 46 F. Supp. 2d 159, 166 (D. Conn. 1999).
 
 
 3
 From July 1991 until after the fatal accident in October 1992, decedent's wife and two children lived in Colombia while both children participated in an educational exchange program sponsored by thechildren's Florida high school. The district court concluded that decedent was living with his family in Colombia at the time of the accident, see id. at 161, but plaintiffs maintain that decedent was living in Florida and was only visiting his family in Colombia at the time of the fatal accident.
 
 
 4
 On September 30, 1994, plaintiffs filed suit in federal district court in Connecticut against International Elevator, Inc. ("International") for wrongful death, and against Otis Elevator Company ("Otis") and United Technologies Corporation ("UTC") on the grounds of product liability.
 
 
 5
 On February 12, 1998, the district court dismissed International from the action for want of personal jurisdiction and transferred the case against International to the federal district court in Maine. See id. at 161, n.1. International, although incorporated in Maine, had virtually no presence in that state, because, as of 1988, International conducted business exclusively in South America. See Iragorri v. Int'l Elevator, Inc., 203 F.3d 8, 11 (1st Cir. 2000). The district court dismissed the action against International on the basis of forum non conveniens and its decision was affirmed by the First Circuit. See id. The district court in Connecticut retained jurisdiction over the claims against Otis and UTC, incorporated in New Jersey and Delaware respectively. Both companies had their principal place of business in Connecticut. The district court granted Otis's and UTC's motion to dismiss on the grounds of forum non conveniens from which the instant appeal followed.
 
 
 6
 Forum non conveniens is a discretionary doctrine enabling a court to dismiss an action, even if the matter is capable of adjudication in that forum, to another forum if it would be the "most convenient and best serve the ends of justice." Peregrine Myanmar, Ltd. v. Segal, 89 F.3d 41, 46 (2d Cir. 1996). In determining whether a forum non conveniens dismissal is appropriate, the district court applies a two-step test. First, the district court must decide whether an adequate alternative forum exists, see id., and if so, the district court must apply a presumption in favor of the plaintiff's choice of forum and then weigh a variety of factors relating to the private interests of the litigants and the public interest in order to determine whether that presumption is overcome and ultimately which forum is more convenient. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947). Dismissal based on forum non conveniens then is proper "when trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981) (citing Koster v. Lumbermans Mut. Cas. Co., 330 U.S. 518, 524 (1947) (internal quotation omitted)).
 
 
 7
 The Supreme Court has made clear that the "plaintiff's choice of forum should rarely be disturbed." Id. Where the plaintiff's choice of forum is the plaintiff's home forum, the plaintiff's forum selection is entitled to even "greater deference." Id. at 255. But this deference does not constitute an automatic bar to dismissal on forum non conveniens grounds simply because the plaintiff is a United States citizen or resident and chooses a United States forum. See Piper Aircraft, 454 U.S. at 256; Alcoa Steamship Co., Inc. v. M/V Nordic Regent, 654 F.2d 147, 154 (2d Cir. 1980) (in banc).
 
 
 8
 Recently, we have had occasion to consider the issue before us in the instant case: what weight should a district court give in a forum non conveniens analysis to a plaintiff's choice of a United States forum where the plaintiff's forum of residence is different from the forum selected. See DiRienzo v. Philips Serv. Corp., 232F.3d 49 (2d Cir. 2000); Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88 (2d Cir. 2000); Guidi v. Inter-Continental Hotels Corp., 203 F.3d 142 (2d Cir. 2000).
 
 
 9
 In considering the forum non conveniens motions below, the district court did not have the benefit of our decisions in DiRienzo, Wiwa and Guidi. Because these cases were decided subsequent to the district court's decision, we think that the district court should reconsider the forum non conveniens motions in light of these decisions in the first instance. We invite the district court to decide whether these cases are relevant to the instant case, and, to the extent that they are, to apply them here.
 
 
 10
 Accordingly, we vacate the decision below and remand for reconsideration.
 
 
 
 NOTE:
 
 
 *
 The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.